UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD LAKE, ET AL.,

      Plaintiffs,

v.                                              Case No. 8:06-cv-1462-T-24 TBM

TENNECO, INC., a Delaware
corporation,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion in Limine to Exclude Evidence Inconsistent with, or in Violation of, the Court's Daubert Order. (Doc. No. 95). Plaintiff opposes the motion. (Doc. No. 103).

This Court held a Daubert hearing on June 25, 2009 and thereafter issued its Daubert order in this case. (Doc. No. 79). In the Daubert order, this Court stated the following:

> [Plaintiffs' expert] Karnes may not testify to the following: (1) that carbon monoxide poisoning death due to improper or inadequate muffler replacements have been a major safety concern for many decades; (2) that the muffler is the most critically important component related to a risk of death while a vehicle is stationary; or (3) that the penalty of death is severely inappropriate for a vehicle owner who may improperly replace his exhaust muffler.

(Doc. No. 79, p. 8). However, the Court stated that since Karnes cited six considerations and certain sources that arguably provided a basis for his conclusion that there is a risk of carbon monoxide poisoning ("CO poisoning") due to improper or inadequate muffler replacements, the Court would allow Karnes to testify to his ultimate conclusion that there was a need for a warning regarding the risk of death from CO poisoning in this case.

In the instant motion, Defendant argues that Karnes must be prohibited from stating

anything inconsistent with, or in violation of, this Court's Daubert order. This Court agrees with this general proposition. However, Defendant further specifies that it is seeking to preclude Karnes from (1) offering anything related to the excluded opinion that muffler replacements are a major safety concern, and (2) offering any further support for his six cited considerations that support his ultimate conclusion that there was a need for a warning in this case. While the Court agrees that Karnes cannot testify about muffler replacements being a major safety concern, it is unclear as to what Defendant is seeking to exclude with regards to Karnes' six cited considerations that support his ultimate conclusion.

In response to the motion, Plaintiffs state that Karnes will comply with the Daubert order and that they are not introducing into evidence any of the articles or publications at issue. However, Plaintiffs also state that Defendant's motion seeks an order that is even more restrictive than the Court's Daubert order.

It is unclear as to what specifically is really at issue with regards to this motion in limine. As such, the Court **GRANTS IN PART AND DENIES IN PART** the motion as follows:

(1) The Court grants the motion to the extent that Defendant seeks to preclude Karnes from testifying in a manner inconsistent with, or in violation of, the Daubert order, including testifying about muffler replacements being a major safety concern.

(2) The Court denies as moot the motion to the extent that Defendant seeks to prohibit the admission of the articles and publications at issue, as Plaintiffs state that they will not introduce them into evidence.

(3) To the extent that Defendant is seeking to exclude anything else by way of this

motion, such a request is denied without prejudice, and Defendant may make such objections during the trial.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of September, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record