UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD LAKE, ET AL.,

    Plaintiffs,

v.    Case No. 8:06-cv-1462-T-24 TBM

TENNECO, INC., a Delaware
corporation,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine to Exclude Post-Mortem Photos of the Decedents at the Accident Scene. (Doc. No. 94). Plaintiffs oppose the motion. (Doc. No. 102). Plaintiffs submitted photos for the Court to review. (Doc. No. 104).

In its motion, Defendant argues that post-mortem photos should be excluded under Federal Rule of Evidence 403. Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendant argues that the photos are unfairly prejudicial, and the Court agrees.

This case involves Defendant's failure to warn of the danger of carbon monoxide poisoning ("CO poisoning") that could result when its muffler is improperly installed on a vehicle, despite the fact that the vehicle is parked outside in a well-ventilated area. However, the parties have agreed that there is no dispute that Jason Epps and Jenna Lake died as a result of CO poisoning while inside Epps' minivan, which was parked outside. Additionally, they agree that Defendant's muffler was installed on the minivan and that the muffler did not come with any

instructions or warnings. As such, the issues that remain to be litigated relate to whether the muffler was defective due to Defendant's failure to warn of the risk of CO poisoning that could occur due to improper muffler installation.

Plaintiffs only seek to introduce one post-mortem photo, which consists of a close-up view of Epps and Lake lying on their stomachs inside of the minivan on sheets and pillows, behind the two front seats. The picture does not show any blood or gore, and instead, Epps and Lake appear to be sleeping. Despite the calm nature of the photo, the Court finds that the danger of unfair prejudice (due to inflaming jury sympathy) outweighs the probative value of the photo.

Plaintiffs argue that the photo is relevant and probative, because it depicts the interior of the vehicle, the positions of Epps and Lake, and that there was no signs of a struggle to escape. The Court disagrees. The relevance of the interior of the vehicle and the positions of Epps and Lake is minimal, at best. Furthermore, the Court does not foresee that there will be any dispute that there was no struggle by Epps and Lake to escape, because there is no dispute that CO is a colorless and odorless lethal gas that can kill without notice or warning signs.

Thus, the Court finds that the danger of unfair prejudice outweighs the probative value of the photo, especially given the facts that are agreed to, as well as those that are in dispute. Therefore, the Court grants Defendant's motion to exclude post-mortem photos.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of September, 2009.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

2