UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD LAKE, ET AL.,

    Plaintiffs,

v.                                                  Case No. 8:06-cv-1462-T-24 TBM

TENNECO, INC., a Delaware
corporation,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion in Limine to Preclude Evidence of Industry Standards and Practices. (Doc. No. 93). Defendant opposes the motion. (Doc. No. 105).

This case involves Plaintiffs' claim that Defendant is liable under theories of strict liability and negligence for the death of Jenna Lake from carbon monoxide poisoning while inside a minivan on which Defendant's muffler was installed. In their motion, Plaintiffs ask the Court to prevent Defendant from offering evidence or argument that there was no industry practice, industry standard, government regulation, or study recommending that a warning accompany Defendant's muffler. In support of this request, Plaintiffs argue that Defendant did not raise this as an affirmative defense, expert testimony is required in order to assert this defense, and Plaintiffs have not have an opportunity to take discovery regarding this defense. As explained below, these arguments have no merit.

To begin with, the evidence that Plaintiffs seek to exclude does not relate to an affirmative defense. Instead, it is offered to negate an element of Plaintiffs' claim–that the

muffler was defective, and as such, Defendant did not need to list it as an affirmative defense.

Additionally, the Court notes that Defendant's expert did address this issue in his report. Specifically, he stated that replacement automotive parts, such as mufflers, are not always accompanied by instructions and that such is customary. (Doc. No. 37, Ex. 3, p. 3). Furthermore, this Court notes that industry standards are properly used to impeach expert testimony on the issue of whether a defect existed. See Alderman v. Wysong & Miles Co., 486 So. 2d 673, 679 (Fla. 1st DCA 1986).

Finally, Plaintiffs' argument–that it did not have an opportunity to inquire and explore Defendant's lack of industry standards defense–is disingenuous. Defendant's expert was deposed and stated that given what is done in the industry, a warning was not necessary in this case. (Doc. No. 50, Dorris depo, p. 70 of 90). Likewise, during Plaintiffs' expert's deposition, he discussed the relevance of considering other manufacturer' conduct when analyzing the issue of whether a warning is needed. (Doc. No. 57, Karnes' depo, p. 186-87).

Accordingly, the Court finds that Plaintiffs' motion to exclude evidence or argument that there was no industry practice, industry standard, government regulation, or study recommending that a warning accompany Defendant's muffler is denied.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record